**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**NORTHERN DIVISION**

| | |
|---|---|
| **ROBERT H. PETERSEN, et al.,**<br>**Plaintiffs,**<br>**v.**<br>**DAIMLERCHRYSLER CORP., et al.,**<br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br>**Case No. 1:06-cv-00108-TC-PMW**<br>**Chief District Judge Tena Campbell**<br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by Chief District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(A). Before the court are: (1) Cooper Tire & Rubber Company's ("Cooper") motion for protection from Robert H. Petersen, et al.'s (collectively, "Plaintiffs") excessive scope of discovery;[1] (2) Plaintiffs' motion to compel discovery from Cooper;[2] (3) Cooper's motion for protective order concerning the depositions of certain Cooper personnel and representatives;[3] and (4) Plaintiffs' motion to extend the discovery deadline for those same depositions.[4] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument

---

[1] *See* docket no. 140.

[2] *See* docket no. 146.

[3] *See* docket no. 155.

[4] *See* docket no. 185.

would not be helpful or necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

**I. Cooper's Motion for Protection and Plaintiffs' Motion to Compel**

Cooper's motion for protection from Plaintiffs' excessive scope of discovery and Plaintiffs' motion to compel discovery from Cooper are essentially cross-motions. The main issue raised by both motions is the proper scope of discovery in this case.

In its motion, Cooper argues that the scope of discovery should be limited because Plaintiffs' discovery requests are overly broad and unduly burdensome. Cooper also contends that Plaintiffs' discovery requests seek confidential trade secrets and that Plaintiffs have not demonstrated that such trade secrets are relevant and necessary to their case. Accordingly, Cooper asks the court to limit the scope of discovery in several respects. First, Cooper asserts that the scope of discovery should be limited to tires that are "similar" to the tire involved in the accident in this case (the "Subject Tire"). According to Cooper, "similar" tires are only those that are manufactured to the same overall design specification, or Green Tire Specification, as the Subject Tire. Second, Cooper contends that discovery should be limited to the manufacturing process and particular plant that created the Subject Tire. Finally, Cooper asserts that discovery should be limited to the time period of one year before and one year after the date the Subject Tire was manufactured. It appears that Cooper has answered Plaintiffs' discovery requests using these proposed limitations.

Plaintiffs, on the other hand, argue that the court should not limit the scope of discovery and should compel Cooper to fully respond to the sixty (60) discovery requests identified in

Exhibit I of their memorandum in support of their motion to compel (collectively, the "Discovery Requests").[5] While Plaintiffs do not directly disagree with the proposition that discovery is limited to "similar" tires, they argue that Cooper's definition is far too narrow. As noted by Plaintiffs, under Cooper's definition, Plaintiffs would be allowed to discovery only information related to tires identical to the Subject Tire (i.e., same make, model, and size as the Subject Tire). Plaintiffs assert that the definition of "similar" tires should be resolved in relation to their underlying theory of the case. Because their theory of the case is rather broad, Plaintiffs contend that discovery should not be limited to Cooper's proposed narrow definition of "similar" tires. Plaintiffs also contend that discovery should not be limited to either the plant that created the Subject Tire or the period of time proposed by Cooper.

The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "[T]he scope of discovery under the federal rules is broad and . . . 'discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.'" *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "Although the scope of discovery under the federal rules is broad, however, parties

---

[5] *See* docket no. 169, Exhibit I.

may not engage in a 'fishing expedition' in an attempt to obtain evidence to support their claims or defenses." *Richards v. Convergys Corp.*, No. 2:05-CV-00790-DAK, 2007 U.S. Dist. LEXIS 9131, at *10 (D. Utah Feb. 6, 2007) (mem.); *see also Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000). Finally, the Advisory Committee Notes for the 2000 amendment to rule 26(b)(1) direct parties and courts to "focus on the actual claims and defenses involved in the action" in determining relevance for purposes of discovery. Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendment, Subdivision (b)(1).

In arguing that the scope of discovery in this case should be limited, Cooper contends that "Plaintiffs bear the burden of establishing that different products are substantially similar for purposes of discovery." While this proposition is supported by the cases cited by Cooper, it is far from being well established. *See, e.g.*, *United Oil Co. v. Parts Assocs., Inc.*, 227 F.R.D. 404, 412 n.5 (D. Md. 2005) (citing multiple cases from various federal jurisdictions to show that while "[a] few courts have held that plaintiffs bear the burden of establishing that the different products are substantially similar and that the discovery is relevant . . . , others do not"). This notwithstanding, the court disagrees that Plaintiffs carry such a burden at the discovery phase of this case.

Instead, this appears to be a burden that Plaintiffs would bear if they sought to have evidence about similar products or similar accidents admitted at trial. *See Ahrens v. Ford Motor Co.*, 340 F.3d 1142, 1145-46 (10th Cir. 2003) ("In a products liability case, evidence of other accidents is not *admissible* to prove a defect unless the facts of the other accidents are substantially similar." (emphasis added)); *Wheeler v. John Deere Co.*, 862 F.2d 1404, 1407 (10th

Cir. 1988) (stating that prior to introducing such evidence, "the party seeking its *admission* must show the circumstances surrounding the other accidents were substantially similar to the accident involved in the present case" (emphasis added)). Further, given Plaintiffs' broad theory of this case, it appears that the requirement of substantial similarity may be somewhat relaxed. *See Four Corners Helicopters, Inc. v. Turbomeca, S.A.*, 979 F.2d 1434, 1440 (10th Cir. 1992) ("Substantial similarity depends upon the underlying theory of the case. The requirement of substantial similarity is relaxed . . . when the evidence of other incidents is used to demonstrate notice or awareness of a potential defect. Any differences in the accidents not affecting a finding of substantial similarity go to the weight of the evidence." (quotations and citations omitted)).

In the court's view, Cooper's arguments in favor of limiting the scope of discovery in this case appear to be somewhat misplaced. Those arguments seem better suited to the more narrow issue of admissibility of certain information, rather than the issue before the court, which is the broader question of whether that information is discoverable. *See* Fed. R. Civ. P. 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). As previously noted, the scope of discovery under the federal rules is broad, and discovery is intended to help clarify and define the issues in a case. *See id.*; *Martin Marietta Corp.*, 50 F.3d at 1520. Cooper's focus on the relationship of the information that Plaintiffs seek to the Subject Tire is overly narrow at this stage of the case and contrary to the intended purpose and scope of discovery. Indeed, Cooper's proposed definition of "similar" tires covers only those tires identical to the Subject Tire in make, model, and size. Given Plaintiffs' broad theory of the case, limiting discovery in the fashion

Cooper proposes would be premature and could potentially deprive Plaintiffs of discovery supporting that theory. *See* Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendment, Subdivision (b)(1) (directing the parties and the court "focus on the actual claims and defenses involved in the action" in determining relevance for purposes of discovery). Any concerns that Cooper may have about the degree of similarity of any discovery to the Subject Tire or the accident can be resolved if and when Plaintiffs attempt to admit that discovery into evidence.

With one exception, which will be covered below, the court has also determined that Cooper's other concerns, either in whole or in part, are without merit. Cooper asserts that the broad scope of the Discovery Requests are unduly burdensome. The court is sympathetic to the large amount of discovery requested by Plaintiffs; however, Plaintiffs have a broad theory of the case and should be permitted to engage in discovery that has a similarly broad focus. Cooper also contends that the Discovery Requests seek confidential trade secrets and that Plaintiffs have not demonstrated that such trade secrets are "relevant and necessary" to their case. *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325-27 (10th Cir. 1981). Again, given Plaintiffs' broad theory of the case, the court is convinced that they have carried their burden of demonstrating that the alleged trade secrets are "relevant and necessary" to their case. *Id*. Further, given that the court adopted the form of Cooper's proposed protective order,[6] the court believes that the disclosure of its confidential trade secrets are adequately protected against improper disclosure. *See id*. at 326-27 (supporting its conclusion that the trial court "displayed a

---

[6] *See* docket no. 113.

sound exercise of discretion" in allowing the discovery of trade secrets based, in part, on "a carefully fashioned protective order to guard against improper disclosure of the secrets").

For these reasons, the court will not limit the overall scope of discovery in this case as proposed by Cooper and will compel Cooper to respond to the Discovery Requests, with one exception. The court agrees with Cooper's assertion that the Discovery Requests relating to other complaints or suits brought against Cooper are inappropriate. While there may indeed be some information from those cases that is relevant to this case, it is not appropriate for Plaintiffs to request that information based solely on reference to other complaints or other suits. In short, those requests, as written, do not provide a basis for discovering that information. Further, as noted by Cooper, most, if not all, of that information is subject to protective orders entered in those cases.

Accordingly, both Cooper's motion for protection from Plaintiffs' excessive scope of discovery[7] and Plaintiffs' motion to compel discovery from Cooper[8] are **GRANTED IN PART** and **DENIED IN PART**. Because they are the only specific discovery matters raised by Plaintiffs' motion to compel, the court will examine only the Discovery Requests, as identified in Exhibit I to Plaintiffs' memorandum in support of their motion to compel.[9] Unless specifically

---

[7] *See* docket no. 140.

[8] *See* docket no. 146.

[9] *See* docket no. 169, Exhibit I.

limited by the court below, Cooper is ordered to fully respond to each of the Discovery Requests as follows:

1. Request Nos. 2, 7, 13-14, 16-24, 26, 28-40, 44-49, 58, 60, 65-71, 74: Cooper is ordered to fully respond to this request with all available information that is neither privileged nor subject to a protective order. As to any privileged information, Cooper is to provide Plaintiffs with a privilege log of such information.

2. Request Nos. 5, 8, 9: Cooper is ordered to address Plaintiffs' only objection, which is that Cooper has failed to produce the requested documents for both 1999 and the present. If the production already made satisfies both points in time, Cooper may simply disclose that fact and is not required to make any further production. If further production is required, Cooper is ordered to fully respond to these requests with all available information that is neither privileged nor subject to a protective order. As to any privileged information, Cooper is to provide Plaintiffs with a privilege log of such information.

3. Request No. 11: Cooper is ordered to produce the manual "now in effect." If the production already made satisfies this point in time, Cooper may simply disclose that fact and is not required to make any further production. If further production is required, Cooper is ordered to fully respond to these requests with all available information that is neither privileged nor subject to a protective order. As to any privileged information, Cooper is to provide Plaintiffs with a privilege log of such information.

4. Request Nos. 41-43, 50-53, 55, 59, 61, 72-73: As previously noted, the court will not require Cooper to produce any information in response to these requests because they seek information and documents from other suits or cases brought against Cooper.

5. Request No. 57: If Cooper can provide proof to Plaintiffs that the information sought in this request is, as claimed by Cooper, either "subject to a third party's copyright protection" or "equally available to Plaintiff[s]," then Cooper is not required to produce any information in response to this request. If, however, Cooper is unable to provide such proof, then Cooper is ordered to fully respond to these requests with all available information that is neither privileged nor subject to a protective order. As to any privileged information, Cooper is to provide Plaintiffs with a privilege log of such information.

6. Cooper shall make all of the above-referenced production within thirty (30) days of the date of this order.

## II. Motions Concerning Depositions

Based on the two motions above, the parties brought two additional motions concerning the depositions of certain Cooper personnel and representatives. Cooper first filed a motion for a protective order concerning those depositions, and Plaintiffs later filed a motion to extend the fact discovery deadline for those depositions.

Pursuant to civil rule 26-2 of the Rules of Practice for the United States District Court for the District of Utah, it appears that Cooper's motion for protective order may have acted as an automatic stay of the depositions pending the outcome of that motion. *See* DUCivR 26-2 ("A party or a witness may stay a properly noticed oral deposition by filing a motion for a protective

order or other relief by the third business day after service of the notice of deposition. The deposition will be stayed until the motion is determined."). This notwithstanding, because the court's ruling on the parties' discovery motions was to have an impact on the substance of those depositions, the parties indicated to the court that they agreed to postpone those depositions until the court was able to rule on the discovery motions. For this reason, Cooper's motion for a protective order concerning those depositions[10] has been rendered **MOOT**.

Although the parties agreed to postpone the depositions, they were faced with a fast-approaching fact discovery deadline of August 24, 2007.[11] As a result, Plaintiffs filed their motion for an extension of the fact discovery deadline for those depositions. While Cooper has not filed a formal response to that motion, it has indicated to the court that it does not oppose the extension as to the depositions in question, but that it is concerned about the impact that extension may have on the remaining deadlines in the scheduling order. The court shares this concern.

Accordingly, Plaintiffs' motion for an extension of the fact discovery deadline[12] is **GRANTED**, but only for the depositions of the Cooper personnel and representatives identified in Plaintiffs' motion. Plaintiffs shall have an additional ninety (90) days from the date of this order to complete said depositions.

---

[10] *See* docket no. 155.

[11] *See* docket no. 107.

[12] *See* docket no. 185.

Notwithstanding the amount of time provided by this order to complete the mandated discovery and the depositions in question, the parties are ordered, in an effort to keep the remainder of the scheduling order intact, to complete the discovery mandated by this order and complete the depositions in question as soon as possible.

**III. Plaintiffs' Allegations Concerning Other Litigation**

As a final matter, the court has determined that it is necessary to address Plaintiffs' continuing allegations about Cooper's actions in other cases. In a previously issued order,[13] the court made it clear that it has no interest in any such allegations. This notwithstanding, Plaintiffs continue to make those type of allegations in their written submissions to the court.

Because Plaintiffs are able to cite to other court decisions involving Cooper, they appear to view their allegations about Cooper's conduct as being supported by some sort of legal precedent or authority. This court has no doubt that each court in the other cases involving Cooper adequately handled any allegations of misconduct based on appropriate binding authority and the facts of that particular case. It is doubtful that any one of those courts was persuaded by self-serving and out-of-context allegations made by one party about another party's behavior in another case, like those made by Plaintiffs in this case. Likewise, this court will handle any allegations of misconduct in this case based on authority binding on *this court* and the facts of *this case*. To date, the court has not been presented with any evidence to indicate that Cooper has done anything inappropriate in this case. Accordingly, Plaintiffs' continuing allegations

[13] *See* docket no. 174.

about Cooper's conduct in other cases are not only unpersuasive and wholly inappropriate, but they are completely irrelevant to the substantive issues in this case. Those allegations detract from Plaintiffs' arguments about the substantive issues, make Plaintiffs' written submissions difficult to read, and are a waste of the court's time and resources.

Accordingly, Plaintiffs are hereby given their final warning that the court will not tolerate allegations about any party's misconduct in other cases. Plaintiffs are ordered to refrain from making such allegations in future written submissions or other arguments to the court. Failure to abide by this order may result in sanctions.

* * * * *

In summary, **IT IS HEREBY ORDERED**:

1. Both Cooper's motion for protection from Plaintiffs' excessive scope of discovery[14] and Plaintiffs' motion to compel discovery from Cooper[15] are **GRANTED IN PART** and **DENIED IN PART**, as detailed above. Cooper shall make all of the required production within thirty (30) days of the date of this order.

2. Cooper's motion for protective order concerning the depositions of certain Cooper personnel and representatives[16] has been rendered **MOOT**.

---

[14] *See* docket no. 140.

[15] *See* docket no. 146.

[16] *See* docket no. 155.

3. Plaintiffs' motion to extend the discovery deadline for those same depositions[17] is **GRANTED**. Plaintiffs shall complete said depositions within ninety (90) days of the date of this order.

4. In an effort to keep the remainder of the scheduling order intact, the parties are ordered to complete the discovery mandated by this order and complete the depositions in question as soon as possible.

5. In any future written submissions or other arguments to the court, Plaintiffs are ordered to refrain from making allegations about any party's misconduct, including Cooper's, in other cases. Failure to abide by this order may result in sanctions.

**IT IS SO ORDERED**.

DATED this 17th day of August, 2007.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

[17] *See* docket no. 185.