# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| ROBERT H. PETERSEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DAIMLERCHRYSLER CORP., et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 1:06-cv-108-TC-PMW <br><br> Chief District Judge Tena Campbell <br><br> Magistrate Judge Paul M. Warner |

Chief District Judge Tena Campbell referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are Cooper Tire & Rubber Company's ("Cooper") (1) motion to compel[2] and (2) motion to extend deposition times.[3] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

### I. Cooper's Motion to Compel

In this motion, Cooper seeks an order compelling Robert H. Petersen, et al. (collectively, "Plaintiffs") to respond to certain discovery requests from Cooper's First Set of Interrogatories and Requests for Production of Documents.

---

[1] *See* docket no. 50.

[2] *See* docket no. 350.

[3] *See* docket no. 357.

The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "[T]he scope of discovery under the federal rules is broad and . . . 'discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.'" *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "Although the scope of discovery under the federal rules is broad, however, parties may not engage in a 'fishing expedition' in an attempt to obtain evidence to support their claims or defenses." *Richards v. Convergys Corp.*, No. 2:05-cv-790-DAK, 2007 U.S. Dist. LEXIS 9131, at *10 (D. Utah Feb. 6, 2007) (quoting *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000)).

The specific discovery requests that are the subject of Cooper's motion are (A) Interrogatories No. 3-10; (B) Interrogatory No. 16 and Request for Production No. 1; and (C) Requests for Production No. 10-11.

### A. Interrogatories No. 3-10

These interrogatories seek information about Plaintiffs Kimberly Wilcox, Shari Jorgensen, and Connie Gunnell (collectively, "Widow Plaintiffs"). Interrogatories No. 3 and 8-10 seek information about the Widow Plaintiffs' current financial status, including sources of income, employment, and education. Interrogatories No. 4-7 seek information from the Widow

Plaintiffs about any romantic relationships, engagements, remarriages, or child births that have occurred since the date of the accident underlying this case. To the extent any of the Widow Plaintiffs have become engaged or remarried since the date of the accident, Interrogatories No. 4-7 also seek information about the occupations and sources of income of their spouses or fiancés. The Widow Plaintiffs objected to these interrogatories as seeking confidential or personal information and as being vague, ambiguous, irrelevant, beyond the scope of discovery, and not reasonably calculated to lead to the discovery of admissible evidence.

Cooper argues that Interrogatories 3-10 seek information that is relevant for purposes of discovery. In response, Plaintiffs assert that Interrogatories No. 3-10 do not seek relevant information. Plaintiffs also contend that Interrogatories No. 4-7 are harassing.

The court is not persuaded by Plaintiffs' arguments. Many of those arguments focus on whether the information sought by Interrogatories No. 3-10 will be admissible, which is not an issue before the court as part of Cooper's motion to compel discovery responses. Instead, the issue before the court is whether Interrogatories No. 3-10 seek information that is discoverable. Admissibility determinations will be made by the trial judge, if necessary, at the appropriate phase of the case. In addition, the court is not persuaded that Interrogatories No. 4-7 are unduly harassing.

In short, after careful consideration of the parties' arguments, the court has determined that Interrogatories No. 3-10 seek information that falls within the broad scope of discovery under the federal rules. *See* Fed. R. Civ. P. 26(b)(1); *Gomez*, 50 F.3d at 1520. Therefore, this

portion of Cooper's motion is granted. Plaintiffs shall provide substantive responses to Interrogatories No. 3-10 within thirty (30) days of the date of this order.

### B. Interrogatory No. 16 and Request for Production No. 1

These discovery requests seek information and documents from Plaintiffs concerning their settlement agreement in this case ("Settlement Agreement") with DaimlerChrysler Corporation and DaimlerChrysler Motors Corporation (collectively, "DaimlerChrysler"). Plaintiffs objected to these discovery requests as seeking information that would not lead to any relevant or admissible evidence. Plaintiffs further objected to these requests based on a confidentiality provision within the Settlement Agreement "requir[ing] that the amount and other conditions [of the Settlement Agreement] not be disclosed without order of the [c]ourt."[4]

Cooper argues that these discovery requests seek relevant information and, therefore, Plaintiffs should be required to provide substantive responses. Cooper also asserts that Utah law requires disclosure of the terms of the Settlement Agreement. *See Slusher v. Ospital*, 777 P.2d 437, 444 (Utah 1989); *Paulos v. Covenant Transp., Inc.*, 86 P.3d 752, 758 (Utah Ct. App. 2004). Plaintiffs argue that these discovery requests do not seek relevant information. Plaintiffs also argue that *Slusher* is inapplicable in this case because it was decided under an old statutory scheme governing fault, which permitted joint and several liability and contribution among joint tortfeasors, rather than the newer, comparative fault statutory scheme. *See* Utah Code §§ 78B-5-817 to -823 (2010).

---

[4] Docket no. 351, Exhibit A, 19, 23.

The court concludes that Plaintiffs' arguments are without merit and that *Slusher* controls in this case. In *Slusher*, the Utah Supreme Court adopted a "balanced approach" to the disclosure of settlement agreements in tort actions involving multiple defendants. *Slusher*, 777 P.2d at 444. The *Slusher* court stated:

> Under this approach, where an injured plaintiff and one or more, but not all, defendant tort-feasors enter into a settlement agreement, the parties must promptly inform the court and the other parties to the action of the existence of the agreement and of its terms. Where the action is tried by a jury, the court shall, upon motion of a party, disclose the existence and basic content of the agreement to the jury unless the court finds that, on facts particular to the case, such disclosure will create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury.
>
> The court should also determine whether explanation is sufficient, . . . or whether admission of the document into evidence is appropriate and, if so, which portions of the agreement should properly be omitted. We believe instances would be rare when the amount of the settlement should be disclosed. However, the jury should be informed of the changed financial interest of the parties concerned and the realigned positions of the litigants.

*Id*. (quotations and citations omitted).

While Plaintiffs are correct in asserting that *Slusher* was decided under an old statutory scheme governing fault, that does not alter the applicability of *Slusher* in this case. Even though the *Slusher* court was required to apply the old statutory scheme, it also acknowledged that the newer statutory scheme had been enacted and indicated that "[i]f anything, concerns regarding secret settlement agreements apply more strongly under the [newer] statutory scheme since joint tort-feasors have a more direct financial incentive to shift blame to the other defendants." *Id*. at 444 n. 13. In a more explicit indication that the "balanced approach" should apply under the

newer, comparative fault statutory scheme, the *Slusher* court stated that "[t]he potential for injustice is so great from the use of secret settlement agreements in any tort action where there are multiple defendants, *whether under joint and several liability or comparative fault principles*, that we believe a disclosure rule should be adopted." *Id*. at 444 (emphasis added). Furthermore, *Slusher* was cited and followed in a 2004 case decided by the Utah Court of Appeals, which was well after enactment of newer statutory scheme. *See Paulos*, 86 P.3d at 758.

The court recognizes the confidential nature of the Settlement Agreement. However, Plaintiffs have indicated in their objections to Interrogatory No. 16 and Request for Production No. 1 that the confidentiality provision of the Settlement Agreement provides that the terms of the Settlement Agreement may be disclosed by a court order.[5] In addition, Plaintiffs are able to provide responses to those discovery requests with an appropriate confidentiality designation under the protective order entered in this case,[6] which should alleviate any concerns Plaintiffs may have about unnecessary disclosure of the responses.

For these reasons, and pursuant to *Slusher*, this portion of Cooper's motion is granted. Within thirty (30) days of the date of this order, Plaintiffs shall provide responses to Interrogatory No. 16 and Request for Production No. 1. Plaintiffs may provide those responses with an appropriate confidentiality designation under the protective order entered in this case.

As a final point of clarification, the court's ruling on this portion of Cooper's motion should not be construed as addressing any issue other than whether the information sought by

---

[5] *See* Docket no. 351, Exhibit A, 19, 23.

[6] *See* docket no. 113, 123.

Interrogatory No. 16 and Request for Production No. 1 should be provided to Cooper. The court has not addressed or ruled upon any issues related to whether that information is admissible or should be provided to the jury. Those issues will be resolved by the trial judge, if necessary, at the appropriate phase of the case.

### C. Requests for Production No. 10-11

These requests for production seek copies of any diaries, daytimers, calendars, or journals kept up to the date of the accident underlying this case by the individuals involved in the accident. They also seek copies of any diaries, daytimers, calendars, or journals kept by Plaintiffs (including the individual who survived the accident) since the date of the accident.

Cooper argues that these requests for production seek relevant information and, therefore, Plaintiffs should be required to produce responsive documents. In the alternative, Cooper asks that the court conduct an in camera review of the above-referenced diaries, daytimers, calendars, or journals to determine which portions, if any, Plaintiffs should be required to produce.

In response, Plaintiffs have indicated that in previous consultations with Cooper, they offered to have Cooper identify the specific types of information it sought from the diaries, daytimers, calendars, or journals, so that Plaintiffs could redact any irrelevant and personal information from production. Plaintiffs further assert, and Cooper admits, that Cooper did not accept that offer and has continued to seek unredacted and wholesale production of the diaries, daytimers, calendars, or journals.

Cooper has failed to persuade the court of the relevance of the documents sought by these requests for production. *See* Fed. R. Civ. P. 26(b)(1). In fact, the court has determined that the

7

requests seek information that is only marginally or potentially relevant.  At the same time, given the personal and sensitive nature of the documents sought by the requests, the court has determined that the requests have a high potential to impose "annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c)(1); *see also Adams v. Gateway, Inc.*, No. 2:02-cv-106-TS, 2005 U.S. Dist. LEXIS 43467, at *12 (D. Utah Nov. 2, 2005) ("Discovery that probes sensitive areas requires the court to protect against unnecessary 'annoyance, embarrassment, oppression, or undue burden.'  At this point, given the relatively light showing of relevance to claims or defenses, the sensitivity of the information sought weighs against discovery." (quoting Fed. R. Civ. P. 26(c)) (footnote omitted)).  While Cooper has cited to a few cases that have allowed access to personal diaries and journals, those cases involved different facts, circumstances, and causes of action than those presented here.  Accordingly, the court is not persuaded that those cases provide adequate support for providing Cooper with access to documents sought by these requests for production.

Because the court has concluded that any diaries, daytimers, calendars, or journals are not discoverable, the court has determined that an in camera review of those documents is unnecessary.  For these reasons, this portion of Cooper's motion is denied.

## II. Cooper's Motion to Extend Deposition Times

In this motion, Cooper seeks to extend the permitted duration of the depositions of two of Plaintiffs' expert witnesses, Troy Cottles and Dennis Carlson.  *See* Fed. R. Civ. P. 30(d)(1); *see also* Fed. R. Civ. P. 26(b)(2)(A).  Based on the content of each expert's report and the relatively large number of supporting documents relied upon by each expert, Cooper argues that good cause

exists to lift the seven-hour time limit set forth in rule 30(d)(1) for each expert's deposition. *See* Fed. R. Civ. P. 30(d)(1).

After considering the parties' arguments, the court is persuaded that Cooper has demonstrated good cause in support of its request to lift the usual seven-hour time limit for the depositions of Mr. Cottles and Mr. Carlson. Accordingly, Cooper's motion is granted. Although the court has agreed to lift the seven-hour time limit, the court expects that all counsel will conduct the depositions of Mr. Cottles and Mr. Carlson in good faith and as expeditiously as possible.

\* \* \* \* \*

In summary, **IT IS HEREBY ORDERED:**

1. Cooper's motion to compel[7] is **GRANTED IN PART AND DENIED IN PART**, as detailed above.

2. Cooper's motion to extend deposition times[8] is **GRANTED**.

**IT IS SO ORDERED**.

DATED this 29th day of July, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[7] *See* docket no. 350.

[8] *See* docket no. 357.