IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ROBERT H. PETERSEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLERCHRYSLER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:06-cv-108-TC-PMW<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

District Judge Tena Campbell referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Cooper Tire & Rubber Company's ("Defendant") motion for spoliation sanctions[2] and (2) Robert H. Petersen, et al.'s (collectively, "Plaintiffs") motion and amended motion to modify the protective order entered in this case.[3] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 50.

[2] *See* docket no. 410.

[3] *See* docket nos. 435, 444.

## I. Defendant's Motion for Spoliation Sanctions

In this motion, Defendant argues that Plaintiffs should be sanctioned for their spoliation of evidence of "bluing" in the subject tire. As a sanction for the alleged spoliation, Defendant asks the court to either dismiss Plaintiffs' claims or provide a negative inference instruction concerning "bluing" and limit the evidence related to "bluing." In response to Defendant's motion, Plaintiffs assert that there are various explanations for both the appearance and the disappearance of any "bluing" in the subject tire.

> Spoliation sanctions are proper when (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence. But if the aggrieved party seeks an adverse inference to remedy the spoliation, it must also prove bad faith. Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case. Without a showing of bad faith, a district court may only impose lesser sanctions.

*Turner v. Public Serv. Co.*, 563 F.3d 1136, 1149 (10th Cir. 2009) (quotations and citations omitted). In addition, it is appropriate for the court to consider "the degree of culpability of the party who lost or destroyed the evidence." *North v. Ford Motor Co.*, 505 F. Supp. 2d 1113, 1116 (D. Utah 2007).

Concerning the first factor referenced above, it is clear that Plaintiffs had a duty to preserve the subject tire because they knew that litigation was imminent. Turning to the second factor, the court is not persuaded that Defendant will suffer undue prejudice because of the alleged spoliation. By Defendant's own admission, it possesses independent evidence of the "bluing" of the subject tire. The court is not persuaded that Defendant's ability to prove evidence

of "bluing" has been significantly diminished or degraded by Plaintiffs' alleged failure to maintain the subject tire in its "original" condition. Finally, Defendant has not persuaded the court that Plaintiffs are culpable, or even responsible, for any alleged spoliation. As such, it logically follows that Defendant has failed to demonstrate that Plaintiffs have somehow acted in bad faith.

While the court has already determined that Defendant's motion fails based on the factors listed above, the court believes it fails for another reason. Many, if not all, of the factual issues involved in Defendant's motion are disputed and go to ultimate issues yet to be decided in this case. The court has determined that those issues are best suited to be resolved at trial.

For these reasons, the court has determined that Defendant's arguments fail. Accordingly, Defendant's motion for spoliation sanctions is denied.

## II. Plaintiffs' Motion and Amended Motion to Modify the Protective Order

In these motions, Plaintiffs seek several modifications to the protective order in this case, which was entered over four years ago.[4] In one portion of their motions, Plaintiffs seek to modify the protective order to include a "sharing" provision that would allow them to share discovery in this case with parties that are not involved in this case. When originally considering the proposed protective orders submitted by the parties, the court rejected the inclusion of such a provision. The court rejects it again here.

---

[4] *See* docket no. 113.

In the remaining portion of their motions, Plaintiffs seek to modify the provisions of the protective order governing electronic storage of information. In essence, Plaintiffs seek permission to store information on a hard drive for use at trial.

In response, Defendant asserts that it previously offered a compromise to certain of Plaintiffs' attorneys to resolve this issue. According to Defendant, those attorneys accepted the offer in November 2009, and Defendant presumed that agreement resolved the issue. Defendant contends that later, however, other of Plaintiffs' attorneys made requests in contravention of the agreement. Defendant asserts that it "is willing to work with Plaintiffs' counsel on this issue, but needs them to speak with one voice."[5] To that end, Defendant proposes the same agreement it entered into with certain of Plaintiffs' attorneys in November 2009. Notably, Plaintiffs did not file a reply memorandum in support of either of their motions to respond to Defendant's assertions or its proposal.

The court has determined that Defendant's position is reasonable. Plaintiffs' counsel, as a collective group, are free to accept Defendant's offer, and the court will consider favorably a stipulated motion to that effect. If Plaintiffs' counsel, as a whole, are unwilling to accept Defendant's offer, they must then abide by protective order as it currently stands.

For these reasons, Plaintiffs' motions to modify the protective order are denied.

---

[5] Docket no. 464 at 13.

In summary, **IT IS HEREBY ORDERED**:

1. Defendant's motion for spoliation sanctions[6] is **DENIED**.

2. Plaintiffs' motion and amended motion to modify the protective order entered in this case[7] are **DENIED**.

**IT IS SO ORDERED**.

DATED this 17th day of March, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[6] *See* docket no. 410.

[7] *See* docket nos. 435, 444.