IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ROBERT H. PETERSEN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> DAIMLER CHRYSLER CORPORATION, et al., <br><br> Defendants. | ORDER AND MEMORANDUM DECISION REGARDING PUNITIVE DAMAGES AND ADMISSIBILITY OF ADJUSTMENT DATA <br><br> Case No. 1:06-CV-108-TC |

In this product liability action concerning a tire manufactured by Defendant Cooper Tire & Rubber Company, Cooper Tire has moved for partial summary judgment on Plaintiffs' punitive damages claim (Docket No. 408). The court also addresses Cooper Tire's Motion in Limine to Preclude Evidence or Reference to Adjustment Data (Docket No. 562).

At trial, Plaintiffs must establish the requisite mental state for punitive damages by clear and convincing evidence. Cooper Tire contends that Plaintiffs' admissible evidence does not overcome the summary judgment standard. Cooper Tire also contends that punitive damages are not available in this case as a matter of law because (a) Cooper Tire complied with federal safety standards and (b) imposition of punitive damages would violate Cooper Tire's due process rights.

For the reasons set forth below, the court holds that the adjustment data evidence is inadmissible, so the motion in limine is GRANTED. Plaintiffs have not submitted sufficient admissible evidence to survive summary judgment, the court GRANTS Cooper Tire's motion to dismiss the punitive damages claim.

**FACTUAL BACKGROUND**

On September 26, 2005, a fifteen-passenger van carrying a group of university students crashed after a tread belt separated from one of the van's tires. The tire was manufactured by Defendant Cooper Tire & Rubber Company. The driver and almost all of the passengers died. The decedents' survivors brought this product liability action against Cooper Tire, alleging that the failed tired was defective and caused the fatal crash.[1] Plaintiffs seek punitive damages.

The failed tire, manufactured in October 1999 by Cooper Tire at its Findlay, Ohio plant, was built according to Green Tire Specification (GTS) 5015, a manufacturing and design standard. The tire at issue was classified as a Wildcat LT (Light Truck) All Terrain tire, size LT225/75R16 with a load range E.

Plaintiffs allege that the tire contained four different design defects that created an unreasonable risk of tread separation: (1) lack of nylon cap plies or nylon overlays; (2) lack of belt edge gum strips (BEGS) or a belt edge wedge; (3) lack of an adequate antidegradant package in the belt skim stock; and (4) lack of an adequate inner liner.

In their summary judgment opposition brief, Plaintiffs heavily rely, although not exclusively, on "adjustment data" to support their claim that Cooper Tire knew about the tire's alleged defects. "Adjustment data" is one of the tools Cooper Tire uses to monitor the performance of its tires in the field. An "adjustment" occurs when a customer returns a warranted tire to a tire retailer and the retailer gives the customer a replacement tire or credit towards the purchase of a new tire. In turn, Cooper Tire gives the tire retailer an "adjustment"

---

[1]Plaintiffs also brought this action against DaimlerChrysler Corporation, the van manufacturer, but DaimlerChrysler is no longer a party in this litigation.

for each returned tire. Adjustment rates are not failure rates.

During the adjustment process, the cause of the condition that justified the customer's return is not determined. Reasons for allowing adjustments vary. They include failure to meet expected mileage, a warranted condition, ride disturbance, tread separation, or a sidewall condition. "An adjustment can even be given on a new tire that has never even 'hit the road.'" (Dep. of Stephan Cramer at 138.) Plaintiffs' expert concedes that adjustments are often allowed by retailers merely as a courtesy to their customers to maintain goodwill. (Sept. 28-29, 2010 Dep. of Troy Cottles at 57-58.) A tire may only be adjusted if no property damage or injury occurred.

The person who processes the adjustment does not perform any type of tire failure analysis. Moreover, the circumstances leading to the adjustment are not included in the data. Cooper Tire points out that,

> as Plaintiffs' experts concede, adjustment data does not provide any information about the tire's history, use, maintenance, the circumstances that gave rise to or cause of the adjustment, the type of vehicle the tire was used on, how the tire or vehicle was loaded, how the tire was inflated, whether the tires were abused or misused, hit potholes or curbs, suffered from any impact, overdeflection, overloading, melting damage, whether they were repaired in any manner, had punctures or mounting damage, the speeds at which the tires were operated, or even the age of the tire.

(Cooper Tire's Mem. Supp. Mot. In Limine (Docket No. 563) at 3.)

## ANALYSIS

### Cooper Tire's Motion to Preclude Adjustment Data Evidence

Plaintiffs contend that the tires manufactured by Cooper Tire, including the specific tire at issue, were defective because the tire treads had a propensity to separate from the rest of the tire,

3

causing a hazardous condition that could have been remedied by Cooper Tire. Plaintiffs further contend that Cooper Tire had knowledge of the dangerous condition but ignored it. To support their argument, Plaintiffs present adjustment data revealing, among other things, the rate of tread separations for tires. Plaintiffs maintain that Cooper Tire reviewed the data and had knowledge of a defect that it consciously chose to ignore.

The adjustment data to which Plaintiffs cite is unreliable. Many factors could have contributed to the tread separations, many with no connection to a design defect, much less to a dangerous condition. The cause for the separation is unknown and unascertainable. Given its unreliability, the adjustment evidence is not admissible.

**<u>Cooper Tire's Motion for Summary Judgment Regarding Punitive Damages</u>**

**Summary Judgment Standard**

A party is entitled to summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when, after viewing the record and making all reasonable inferences in a light most favorable to the non-moving party, a reasonable jury could return a verdict for the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

Because Plaintiffs bear the burden of proof at trial on punitive damages, Cooper Tire can prevail on its motion for summary judgment by pointing out the absence of admissible evidence supporting an essential element of the Plaintiffs' claim, in this instance the mental state necessary to justify imposition of punitive damages. Fed. R. Civ. P. 56(c)(1)(B); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). The court must "view the evidence and make all reasonable

4

inferences in the light most favorable to the nonmoving party." N. Nat. Gas Co. v. Nash Oil & Gas, Inc., 526 F.3d 626, 629 (10th Cir. 2008). But conclusory allegations are given no weight, and "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient" to overcome a summary judgment motion. Anderson, 477 U.S. at 249, 252. See also Gleave v. Denver & Rio Grande W. R.R. Co., 749 P.2d 660, 670 (Utah Ct. App. 1988) (granting directed verdict and stating that "if there is no evidence to justify punitive damages, the issue [is] properly withheld from the jury.").

**Punitive Damages In Utah**

Under Utah law, if compensatory or general damages are awarded to the Plaintiffs, punitive damages may be awarded if the Plaintiffs establish "by clear and convincing evidence that the acts or omissions of [Cooper Tire] are the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others." Utah Code Ann. § 78B-8-201(1)(a). "'While simple negligence will not support punitive damages, negligence manifesting a knowing and reckless indifference toward the rights of others will.'" Smith v. Fairfax Realty, Inc., 82 P.3d 1064, 1071 (Utah 2003) (quoting Diversified Holdings, L.C. v. Turner, 63 P.3d 686 (Utah 2002)).

In a product liability case, "[n]otice or knowledge of a dangerous condition and failure to act absent more, do not support a claim for punitive damages." Orr v. Brigham Young Univ., 960 F. Supp. 1522, 1531 (D. Utah 1994) (citing Behrens v. Raleigh Hills Hosp. Inc., 675 P.2d 1179, 1186-87 (Utah 1983); Gleave, 749 P.2d at 670). "The defendant must either know or should know that such conduct would, in a <u>high degree of probability</u>, result in substantial harm to another, and the conduct must be <u>highly unreasonable conduct, or an extreme departure from</u>

ordinary care, in a situation where a high degree of danger is apparent." Nguyen v. IHC Health Servs., Inc., 232 P.3d 529, 535 (Utah Ct. App. 2010) (quoting Behrens, 675 P.2d at 1187) (emphasis added). As the words of the Utah cases show, the bar for surviving a summary judgment challenge to a punitive damages claim is high.

**The Parties' Positions**

The Plaintiffs allege that Cooper Tire consciously ignored known dangerous design defects in the tire, placing profits over safety in a knowing and reckless indifference toward the safety of the crash victims. Specifically, Plaintiffs allege that Cooper Tire knew its product was defective, and that the defects resulted in an unusually high rate of tread belt separations. Plaintiffs maintain that selling tires with such defects for use on light trucks, such as the fifteen-passenger van, created a substantial risk of catastrophic tread separation. Plaintiffs further allege that Cooper Tire, despite its knowledge of simple, relatively inexpensive solutions, consciously chose not to implement the solutions because doing so would cut into Cooper Tire's profits.

In its defense, Cooper Tire contends that punitive damages are not available in this case because (1) Plaintiffs do not have any admissible evidence of knowing or reckless indifference to the safety of the crash victims; (2) the subject tire complied with federal performance standards issued by the National Highway Traffic Safety Administration (NHTSA); and (3) Plaintiffs are improperly attempting to punish Cooper Tire for conduct unrelated to the alleged injury in this case, in violation of Cooper Tire's due process rights under the standard articulated in State Farm Mutual Automobile Insurance Company v. Campbell, 538 U.S. 408 (2003).

**Sufficiency of Evidence**

Even viewing the admissible evidence and making all reasonable references in a light

most favorable to Plaintiffs, the court finds that Cooper Tire is entitled to summary judgment on the punitive damages issue. Plaintiffs have failed to present evidence necessary to support their punitive damage claim.

Much of the evidence cited by the Plaintiffs is inadmissible, as noted above, and so the court does not consider it. Even if the adjustment date were admissible, that evidence does not create a genuine dispute of material fact about whether Cooper Tire's knowledge rose to the level of deliberate indifference. In particular, the adjustment data records only incidents in which no harm to property or persons occurred, that is, the data does not raise a red flag about any dangerous condition. Instead, the evidence shows that Cooper Tire continued to address perceived problems in the normal course of its design and manufacturing process.

The remaining evidence relied upon by the Plaintiffs does not support their conclusory statements; many statements have no cites to the record, and the evidence Plaintiffs actually cite has been quoted out of context or exaggerated. Plaintiffs provide innuendo but no hard facts to back up their claims. Plaintiffs' brief essentially amounts to rhetoric unsupported by any credible evidence.

Knowledge of a dangerous condition and failure to act does not equate to behavior punishable with exemplary damages. Orr v. Brigham Young Univ., 960 F. Supp. 1522, 1531 (D. Utah 1994). At most, based on the evidence presented here, a jury could reasonably conclude that Cooper Tire was negligent.

For these reasons, the court finds that Plaintiffs have not presented evidence sufficient to overcome Cooper Tire's argument on summary judgment.

**Due Process and Compliance With Federal Standards**

Because the court finds that Plaintiffs have not met their evidentiary burden, the court need not decide the due process and federal regulation compliance issues raised by Cooper Tire.

### ORDER

For the foregoing reasons, the court ORDERS as follows:

1. Defendant Cooper Tire & Rubber Company's Motion *In Limine* to Preclude Evidence or Reference to Adjustment Data (Docket No. 562) is GRANTED.

2. Cooper Tire's Motion for Partial Summary Judgment to Dismiss Plaintiffs' Punitive Damages Claim (Docket No. 408) is GRANTED.

DATED this 4th day of May, 2011.

BY THE COURT:

TENA CAMPBELL
United States District Court Judge