# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **ROBERT H. PETERSEN, et al.,** <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **DAIMLERCHRYSLER CORP., et al.,** <br><br> **Defendants.** | **MEMORANDUM DECISION AND ORDER** <br><br> **Case No. 1:06-cv-108-TC-PMW** <br><br> **District Judge Tena Campbell** <br><br> **Magistrate Judge Paul M. Warner** |

District Judge Tena Campbell referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are (1) Robert H. Petersen, et al.'s (collectively, "Plaintiffs") objection to the confidential designations Cooper Tire & Rubber Company ("Cooper") has placed on Stephan Cramer's deposition testimony and related exhibits;[2] (2) Plaintiffs' motion in limine to conform Cooper's responsive deposition designations to the order of the trial;[3] (3) Plaintiffs' motion in limine to prohibit prejudicial trial tactics;[4] (4) Cooper's motion in limine to exclude all testimony and evidence based on Dr. David Renfroe's exemplar van weight analysis;[5] (5) Cooper's motion to compel production of Evan and Tammy

---

[1]  *See* docket no. 50.

[2]  *See* docket no. 419.

[3]  *See* docket no. 484.

[4]  *See* docket no. 486.

[5]  *See* docket no. 559.

Parker's (collectively, "Parkers") tax returns from those Plaintiffs named in the Parker complaint (collectively, "Parker Plaintiffs");[6] (6) Cooper's motion to strike certain witnesses on Plaintiffs' witness list and Cooper's motion to withdraw a portion of that motion to strike;[7] (7) Cooper's motion to clarify and/or enforce the protective order of confidentiality;[8] and (8) Plaintiffs' objections to Cooper's designation of the depositions of Monroe White and Norman Hunt.[9] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the matters on the basis of the written submissions. *See* DUCivR 7-1(f).

## I. Plaintiffs' Objection to Confidential Designations Cooper Has Placed on Stephan Cramer's Deposition Testimony and Related Exhibits

This objection is identical to a previously filed motion to strike,[10] which the court denied in an order dated February 11, 2011.[11] For the same reasons set forth in that order, Plaintiffs' objection is overruled.

---

[6] *See* docket no. 597.

[7] *See* docket nos. 657, 685.

[8] *See* docket no. 666.

[9] *See* docket no. 728.

[10] *See* docket no. 414.

[11] *See* docket no. 475.

## II. Plaintiffs' Motion in Limine to Conform Cooper's Responsive Deposition Designations to the Order of the Trial

In this motion, Plaintiffs ask the court to enter an order to ensure that Cooper's responsive designations to Plaintiffs' deposition designations are strictly limited to the substance of Plaintiffs' designations. The court concludes that this motion is premature. This is an issue that should be raised at the appropriate time during trial. Plaintiffs' motion is denied without prejudice.

## III. Plaintiffs' Motion in Limine to Prohibit Prejudicial Trial Tactics

In this motion, Plaintiffs present a laundry list of allegedly prejudicial trial tactics that they believe might be used by Cooper at trial. The court concludes that this motion is likewise premature. If and when Cooper attempts to use any of the so-called tactics at trial, Plaintiffs may object at that time and seek a ruling from the trial judge. Plaintiffs' motion is denied without prejudice.

## IV. Cooper's Motion in Limine to Exclude All Testimony and Evidence Based on Dr. David Renfroe's Exemplar Van Weight Analysis

Cooper seeks to exclude all testimony and evidence based on Dr. David Renfroe's exemplar van weight analysis because the testimony and evidence were not provided to Cooper in a timely fashion. The court agrees. As noted by Cooper, the testimony and evidence at issue was not provided to Cooper until several months after relevant depositions and several months after the close of expert discovery. Plaintiffs have not provided any persuasive and justifiable arguments to explain the late disclosure. Accordingly, Cooper's motion is **GRANTED**.

## V. Cooper's Motion to Compel Production of the Parkers' Tax Returns

Cooper seeks an order from the court compelling the Parker Plaintiffs to produce the

Parkers' personal and business tax returns from 2002 to 2006. In response, the Parker Plaintiffs

assert that Cooper never issued a formal request for the documents under rule 34 of the Federal

Rules of Civil Procedure and, therefore, Cooper's motion to compel is without merit. The Parker

Plaintiffs also contend that the Parkers' tax returns are not discoverable because Cooper has not

established a compelling need for the returns. *See Phillip M. Adams & Assocs., L.L.C. v. Fujitsu

Ltd.*, No. 1:05-cv-64-TS, 2010 U.S. Dist. LEXIS 30207, at *32-33 (D. Utah March 29, 2010)

(indicating that tax returns must be produced only when they are (1) "relevant to the subject

matter of the action" and (2) there is "a compelling need" for the returns "because the

information is not readily obtainable from a less intrusive source" (quotations, citation, and

footnote omitted)).

While the court recognizes that Cooper did not issue a formal document request for the

Parkers' tax returns, the court is not persuaded that Cooper's failure to do so is, by itself, a

sufficient reason to deny Cooper's motion. The court finds several other pieces of information

more persuasive on the issue. First, the court notes that the Parker Plaintiffs' claims were

consolidated into this case after this case had been pending for some time. Accordingly, some of

the discovery concerning the Parker Plaintiffs' claims was conducted well after the majority of

the other discovery in this case had already been conducted.

Second, the parties agreed to postpone several of the depositions of the Parkers' children

until after expiration of the fact discovery deadline for the Parker Plaintiffs' claims. Within

approximately a week of the completion of those depositions, Cooper requested the Parkers' tax returns. While it is true that the request was not a formal document request, Cooper did in fact make an informal request for the Parkers' tax returns, which the court views as timely in light of the continued depositions.

Third, the Parker Plaintiffs have not made any argument that they will be prejudiced in any way by the production of the Parkers' tax returns. Indeed, the court believes it would be difficult for the Parker Plaintiffs to make such an argument.

Finally, the court does not agree with the Parker Plaintiffs' assertion that Cooper has failed to establish a compelling need for the Parkers' tax returns. By seeking damages associated with the death of Mr. Parker, including the loss of his income, the Parker Plaintiffs have put Mr. Parker's income directly at issue in this case. While Cooper may have some documentation from the Parker Plaintiffs that shows Mr. Parker's income from Utah State University, deposition testimony indicates that Mr. Parker had other income sources. Accordingly, the court is persuaded that Cooper has established a compelling need for the Parkers' tax returns. Production of the returns is required to provide Cooper with full information about Mr. Parker's income. It is also worth noting that all Plaintiffs, with the exception of the Parker Plaintiffs, have already produced their tax returns to Cooper.

For these reasons, Cooper's motion to compel production of the Parkers' tax returns is granted. The Parker Plaintiffs shall produce the requested tax returns to Cooper within thirty (30) days of the date of this order.

**VI. Cooper's Motion to Strike Certain Witnesses on Plaintiffs' Witness List and Cooper's Motion to Withdraw a Portion of the Motion to Strike**

In its original motion, Cooper seeks to strike three witnesses from Plaintiffs' witness list. Those witnesses are Tom Cobb, Sevana Parker Hasty, and Tiara Parker Reeder. Subsequent to the filing of their original motion, Cooper filed a motion to withdraw its motion to strike with respect to Sevana Parker Hasty and Tiara Parker Reeder. That motion to withdraw is granted, leaving Tom Cobb as the only remaining subject of Cooper's original motion.

Plaintiffs have failed to file any opposition to Cooper's motion to strike, and the time for doing so passed long ago. *See* Fed. R. Civ. P. 6; DUCivR 7-1(b)(4)(B). Given that it is unopposed, the motion is granted. *See* DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court[] granting the motion without further notice.").

**VII. Cooper's Motion to Clarify and/or Enforce the Protective Order of Confidentiality**

In this motion, Cooper asks the court to enforce the protective order in this case by preventing the deposition of D. Richard Stephens taken in this case from being used in another case pending against Cooper in the United States District Court for the District of Kentucky.

It is not lost on the court that Plaintiffs have made numerous attempts in this case to seek relief from the confidential protections afforded to all parties by the protective order. In response to those attempts, this court has repeatedly indicated to the parties that it would strictly enforce the terms of the protective order. Consistent with those indications, the court will not allow the deposition of Mr. Stephens from this case to be used in the case against Cooper pending in the District of Kentucky. Accordingly, Cooper's motion is granted.

**VIII. Plaintiffs' Objections to Cooper's Designation of the Depositions of Monroe White and Norman Hunt**

Plaintiffs object to Cooper's designations of the entire depositions of Monroe White and Norman Hunt because they claim those designations do not comply with rule 32(a)(8) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 32(a)(8) ("A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence."). Plaintiffs assert that the depositions of Mr. White and Mr. Hunt were taken in cases that in no way involved any of the Plaintiffs and, accordingly, cannot be used in this case. *See id.*

It is true that rule 32(a)(8) "requires that the prior and present lawsuits involve the same subject matter and the same parties, or their representatives or successors in interest." *Phillip M. Adams & Assocs, LLC v. Windbond Elecs. Corp.*, No. 1:05-cv-64-TS, 2010 U.S. Dist. LEXIS 95896, at *11 (D. Utah Sept. 14, 2010) (quotations, citation, and footnote omitted). However,

> [t]hese requirements have been construed liberally in light of the twin goals of fairness and efficiency. The accepted inquiry focuses on whether the prior cross-examination would satisfy a reasonable party who opposes admission in the present lawsuit. Consequently, courts have required only a substantial identity of issues . . . and the presence of an adversary with the same motive to cross-examine the deponent.
>
> Courts interpreting this rule recognize that the real test should be whether the former testimony was given upon such an issue that the party-opponent in that case had the same interest and motive in his cross-examination that the present opponent now has.

> On this view a deposition could even be offered against one who was not a party to the earlier action if there were parties to it who had the same interest in cross-examination as the present party has.
>
> In the Tenth Circuit, the bedrock rule is that testimony adduced in a prior suit may be admissible in a subsequent suit even if the parties are not identical, so long as the issues are so similar that the party-opponent in the prior case had the same interests and motives in his cross-examination that the present opponent has.

*Id*. at *11-12 (quotations, citations, and footnotes omitted) (alterations in original); *see also Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982); *Minyen v. Am. Home Assurance Co.*, 443 F.2d 788, 791 (10th Cir. 1971).

In this case, the court is without the benefit of a response from Cooper to Plaintiffs' objection. Further, the court is unable to determine solely from Plaintiffs' objection whether the above-referenced authorities are satisfied with respect to the designations of the depositions of Mr. White or Mr. Hunt. Accordingly, Plaintiffs' objection is overruled without prejudice. If Plaintiffs can later demonstrate that the designations of the depositions of Mr. White and/or Mr. Hunt should indeed be stricken under the above-referenced authorities, they may renew their objection.

* * * * *

In summary, **IT IS HEREBY ORDERED:**

1.      Plaintiffs objection to the confidential designations Cooper has placed on Stephan Cramer's deposition testimony and related exhibits[12] is **OVERRULED**.

---

[12] *See* docket no. 419.

2.      Plaintiffs' motion in limine to conform Cooper's responsive deposition designations to the order of the trial[13] is **DENIED WITHOUT PREJUDICE**.

3.      Plaintiffs' motion in limine to prohibit prejudicial trial tactics[14] is **DENIED WITHOUT PREJUDICE**.

4.      Cooper's motion in limine to exclude all testimony and evidence based on Dr. David Renfroe's exemplar van weight analysis[15] is **GRANTED**.

5.      Cooper's motion to compel production of the Parkers' tax returns[16] is **GRANTED**.  The Parker Plaintiffs shall produce the requested tax returns to Cooper within thirty (30) days of the date of this order.

6.      Cooper's motion to strike certain witnesses on Plaintiff's witness list and Cooper's motion to withdraw a portion of that motion to strike[17] are both **GRANTED**.

7.      Cooper's motion to clarify and/or enforce the protective order of confidentiality[18] is **GRANTED**.

---

[13] *See* docket no. 484.

[14] *See* docket no. 486.

[15] *See* docket no. 559.

[16] *See* docket no. 597.

[17] *See* docket nos. 657, 685.

[18] *See* docket no. 666.

8.      Plaintiffs' objections to Cooper's designation of the depositions of Monroe White

and Norman Hunt[19] is **OVERRULED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

DATED this 30th day of June, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[19] *See* docket no. 728.